**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Hunter Johnson, et al.,<br>Defendant(s). | Case No. 2:26-cv-00992-CDS-NJK<br>**Order**<br>[Docket Nos. 26, 29] |
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Stephen Hodges, et al.,<br>Defendant(s). | Case No. 2:26-cv-00995-CDS-NJK<br>**Order**<br>[Docket Nos. 77, 78, 79, 81, 86, 87, 95, 96, 100, 101, 105] |
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Yee Mar, et al.,<br>Defendant(s). | Case No. 2:26-cv-00996-CDS-NJK<br>**Order**<br>[Docket No. 37] |
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Giselle Bennett, et al.,<br>Defendant(s). | Case No. 2:26-cv-01001-CDS-NJK<br>**Order**<br>[Docket Nos. 82, 83, 84, 87, 120] |

These are some of the cases that the Receiver has brought as to alleged fraudulent transfers against numerous defendants, many of whom are proceeding without a lawyer.[1] Pending before the Court are various motions to compel filed by *pro se* defendants that seek to compel the

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

production of documents and various disclosures from the Receiver. Case No. 2:26-cv-00992-CDS-NJK, Docket Nos. 26, 29; Case No. 2:26-cv-00995-CDS-NJK, Docket Nos. 77, 78, 79, 86, 87, 95, 96, 100, 101, 105; Case No. 2:26-cv-00996-CDS-NJK, Docket No. 37; Case No. 2:26-cv-01001-CDS-NJK, Docket Nos. 81, 82, 83, 84, 87, 120. The Court has received additional briefing and the briefing schedules are now closed. *See* Local Rule 7-2(b). The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** without prejudice the motions to compel.

Once discovery opens in a case, a party seeks information from a litigation adversary by propounding discovery in accordance with the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33 (interrogatories).[2] A party may not bypass that process by asking the Court to require a litigation adversary to provide documents or information that have not been sought in discovery. *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *2 (D. Nev. Apr. 30, 2018) ("The Court will not compel the production of documents that have not been requested").[3] As a corollary, any motion to compel discovery must provide the Court with the text of the discovery request at issue, along with the response that was provided to that request. Local Rule 26-6(b). In addition, if a dispute exists as to the sufficiency of a discovery response, the parties are required to engage in good-faith conferral efforts in an attempt to resolve that dispute

---

[2] Discovery must be served directly on the opposing counsel or *pro se* party. *See, e.g.*, Fed. R. Civ. P. 5(d)(1); Local Rule 26-7. Stated differently, a party does not properly serve discovery by filing a request on the docket.

[3] The Court has not been presented with legal authority or persuasive argument that a Receiver must voluntarily disclose the information being sought here without any discovery being served that seeks it. The Court notes that Defendant Robert Seik argues that receivers owe special duties of transparency with respect to the cases they bring. *See, e.g.*, Case No. 2:26-cv-01000-CDS-NJK, Docket No. 133 at 4-5. Defendant Seik cites to a decision from the Eastern District of New York, *see id.* at 4, but no decision matching that case information was found at the citation provided. Defendant Seik also cites a Ninth Circuit case for the proposition that "procedural rules must not shield fiduciaries from their core duty of accountability." *See id.* at 5 (citing *Ready Transp., Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)). The cited decision addresses a court's inherent authority to strike and does not appear to advance the proposition referenced. Defendant Seik also later purports to quote from this decision, Docket No. 133 at 8, but the words identified do not appear in *Ready Transportation.* <u>If Defendant Seik is relying on artificial intelligence to generate his filings, the Court again reminds him that he is required to ensure the accuracy of his filings and **warns** that attorneys and pro se parties blindly rely on artificial intelligence at their peril</u>. *See also* Docket No. 99 at 3-4 & n.4. <u>Defendant Seik is also again **cautioned** that he must comply with the governing page limits</u>. *See also id.* at 4.

without judicial involvement. *See, e.g.*, Fed. R. Civ. P. 37(a)(1). A motion to compel filed without a certification of proper conferral efforts is subject to summary denial on that basis. *See, e.g.*, Local Rule 26-6(c).

The instant motions are premature and procedurally defective. They appear to be predicated on a desire to obtain discovery, rather than on a dispute regarding discovery that has already been served. As such, the motions also fail to comply with the local rule to attach the text of the subject discovery and the responses thereto. In addition, the motions do not contain a certification regarding pre-filing conferral efforts. For each of these reasons, the motions to compel are properly denied.[4]

Accordingly, the Court **DENIES** without prejudice the motions to compel.

IT IS SO ORDERED.

Dated: August 4, 2026

______________________________
Nancy J. Koppe
United States Magistrate Judge

[4] The Court does not herein attempt to identify every reason for which each subject motion may be denied. In addition, the motions to compel at times seek other relief. Because the Court denies the motions to compel, the requests for fees and expenses made within those motions are also denied. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing for an award of expenses for prevailing on a motion to compel). With respect to other disparate relief that may be sought within these papers, the Court declines to address those issues herein. *See, e.g.*, Local Rule IC 2-2(b).